# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 3:11cv444
# [CRIMINAL CASE NO. 3:08cr207]

| | |
|---|---|
| **CHARLES D. HARRISON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, and Petitioner's "Application for Equitable Tolling and Request for Evidentiary Hearing," both filed September 9, 2011 [Docs. 1 and 2]. No response is necessary from the Government.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2008, Petitioner was charged in a Bill of Information with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count One); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count Two); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three).

[Criminal Case 3:08cr207, Doc. 1]. On the same day, the Government filed a Plea Agreement in which Petitioner agreed to enter a guilty plea to Counts One, Two, and Three as set forth in the Bill of Information. [Id., Doc. 2]. As part of the Plea Agreement, Petitioner waived his right to appeal or collaterally attack his sentence or conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. ¶ 19].

On October 9, 2008, the Petitioner appeared before Magistrate Judge Carl Horn III, and pled guilty to Counts One, Two and Three of the Bill of Information. Judge Horn engaged the Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 8]. The Court accepted the Petitioner's plea, finding that the plea was knowingly and voluntarily made and that the Petitioner understood the charges, potential penalties, and consequences of the plea. [Id.].[1]

On October 26, 2009, the Court sentenced Petitioner to 60 months of imprisonment on Count One, 168 months of imprisonment on Count Two, and

---

[1] Although there is no official transcript of the Plea and Rule 11 hearing in the record because Petitioner did not file a direct appeal, the Court has listened to the audio recording of the Plea and Rule 11 hearing. Further, the Rule 11 Inquiry and Order of Acceptance of Plea form, which is prepared by the Magistrate Judge during the Plea and Rule 11 hearing, accurately reflects the substance of the Plea and Rule 11 hearing. [Criminal Case 3:08cr207, Doc. 8].

120 months of imprisonment on Count Three, all such terms to run concurrently. [Id., Doc. 13]. The Court's Judgment was entered on November 6, 2009. [Id.]. No appeal was taken.

On September 9, 2011, Petitioner filed the instant Motion to Vacate and Application for Equitable Tolling arguing, among other matters, that he should be permitted to proceed with his untimely Motion pursuant to the principles of equitable tolling. [Docs. 1 and 2].

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. [Id.]. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides, in pertinent part, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court previously indicated, Petitioner's convictions and sentences were imposed by a Judgment filed November 6, 2009, and no appeal was taken. Consequently, the Court's Judgment became final ten business days after its entry, i.e., on November 23, 2009. See Fed. R. App. P. 4(b)(1)(A)(1) and (6) (2008) (then providing a 10-day period after entry of Judgment in criminal docket for giving notice of appeal); Fed. R. Crim. P. 45(a) (2008) (excluding intermediate Saturdays, Sundays and legal holidays

4

from computation of filing deadlines when the period is less than 11 days).
Thus, in the absence of any intervening circumstances, Petitioner had up to and including November 23, 2010, in which to file the instant Motion to Vacate.

Recognizing that he has not met his one-year filing deadline, Petitioner has attempted to articulate a specific reason for the Court to construe his Motion as timely filed.[2]  Such explanation, however, is insufficient under the circumstances of this case.

Specifically, Petitioner argues that his limitations period should be tolled due to his claim that he is actually innocent and that "facts exonerating him for wrongdoing have been concealed and remain concealed at this present time." [Doc. 2 at 2].  Despite his guilty plea, Petitioner argues that he is innocent and did not commit the crimes charged in the Bill of Indictment. [Id. at 6]. Specifically, he argues that "[h]e never participated, or attempted to participate in any scheme to deceive, manipulate, or defraud any person at any time out

---

[2]In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a *pro-se* [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal . . . [a]bsent a sufficient explanation."  Here, Petitioner clearly was aware of his obligation to establish the timeliness of his Petition, and has attempted to do so [see Doc. 2].  As such, the Court finds that no further notice of opportunity for a response is required for Petitioner.

of money or property." [Doc. 1 at 38]. He further contends that "[h]ad [he] not been tricked into a stipulation and held the government to its burden of proof, a conviction could have never been accomplished." [Id. at 44].

In his affidavit in support of his request to toll the limitations period, Petitioner outlines the steps he has taken toward filing the instant Motion to Vacate. Petitioner explains that following his sentencing, he contacted state investigator, Shawn Pruett, attempting to have his wrongful conviction set aside by providing him with the Joe Ricks file which, he contends, establishes that Bernard Bailey was the person who defrauded people of millions of dollars. Shawn Pruett attempted to convince the Assistant United States Attorney to re-open the case, without success. Petitioner asserts that he was then was in transit from late October to February 25, 2010. In early March, Petitioner requested that his attorney, Noel Tin, turn over his discovery to his wife. Petitioner's wife then contacted several attorneys to represent her husband, claiming that he was innocent. Three attorneys reviewed the Petitioner's case and declined to represent him. By the time the third attorney reviewed Petitioner's case, his time to file a Motion to Vacate had expired. After the third attorney declined to represent him, Petitioner worked diligently seven days a week to complete his § 2255 Motion. [Doc. 2-2].

While it is well-settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner's stated reason for the untimely filing of his Motion to Vacate does not warrant equitable tolling. In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while the limitation period of a § 2255 may be subject to equitable tolling, such measure is an extraordinary remedy that is sparingly granted. Id. at 688. Equitable tolling is reserved for those situations where it would be unconscionable to enforce the limitations period and, if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (discussing tolling requirements); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (same).

There is no authority in this Circuit or from the Supreme Court that supports Petitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year AEDPA limitation. The Ninth Circuit and the Sixth Circuit have allowed equitable tolling based on actual innocence. Lee

v. Lampert, -- F.3d --, 2011 WL 3275947 (9th Cir. Aug. 2, 2011); Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005). Several other circuits, however, have rejected the argument that there is an actual innocence exception to the one-year AEDPA limitation. See Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (those claiming innocence must meet statutory limits just like those raising other claims); David v. Hall, 318 F.3d 343, 346-47 (1st Cir. 2003) (Congress knew how to formulate an actual innocence exception, but did not); Cousins v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (claims of actual innocence do not constitute a rare and exceptional circumstance permitting equitable tolling); Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002) (no actual innocence separate from usual equitable tolling factors). The Court finds the cases holding that actual innocence is not a basis for equitable tolling to be compelling authority. The Court, therefore declines to adopt Petitioner's proposed exception to AEDPA. Moreover, in those instances where actual innocence constitutes a basis for asserting a claim under 28 U.S.C. §2255(f)(4), a petitioner must present "new reliable evidence," Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," id. at 327, 115 S.Ct. 851. Petitioner has not

offered any "new reliable evidence." Therefore, even if this Court were to hold that an actual innocence claim is sufficient to warrant equitable tolling, Petitioner's showing falls far short of meeting the extremely high burden necessary to bring a claim based on actual innocence.

While Petitioner has set forth what steps he has taken to pursue his rights, he has not set forth any basis which would support a finding that it would be unconscionable to apply the limitations period, or that gross injustice would result from its application, or for that matter that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way. Therefore, equitable tolling is not available to Petitioner, and his Motion to Vacate is barred as untimely.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as Petitioner is unable to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529

9

U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

**O R D E R**

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** and his "Application for Equitable Tolling and Request for Evidentiary Hearing" [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 3, 2011

Martin Reidinger
United States District Judge